**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Ribail,<br><br>    Plaintiff,<br><br>v.<br><br>Bank of America, N.A.<br><br>    Defendant. | No. 13-CV-08016-PHX-JAT<br><br>**ORDER** |

   Pending before the Court is Defendant, Bank of America's Motion to Dismiss *pro se* Plaintiff, Raymond Ribail's, complaint. (Doc. 11). Defendant has also filed a Request for Summary Disposition of the Motion to Dismiss. (Doc. 13). The Court will grant Defendant's motions for the following reasons.

**I. BACKGROUND**

   On December 14, 2012, Plaintiff filed a complaint ("Complaint") against Defendant in state Superior Court in Mohave County. (Doc. 1-2 at 4-20). The Complaint alleged two claims against Defendant. (*Id*. at 10-13). On January 17, 2013, Defendant removed this case to federal court. (Doc. 1). On February 1, 2013, Defendant filed the pending motion to dismiss requesting that the Court dismiss the Complaint with prejudice because Plaintiff has failed to state a claim to relief that is plausible on its face. (Doc. 11 at 3). Defendant contends that Plaintiff's claim is premised on a "show me the note" theory which the Arizona Supreme Court has rejected. (*Id*. at 1-8). Plaintiff did not, and to date has not, filed a response to Defendant's motion contesting Defendant's argument.

On March 7, 2013, Defendant filed a Request for Summary Disposition asking the Court to grant Defendant's Motion to Dismiss, dismiss Plaintiff's Complaint with prejudice, and deny Plaintiff leave to file an amended complaint. (Doc. 13).

**II.     ANALYSIS**

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be filed within fourteen (14) days after a motion is served.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Id*. at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id*. at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit Court of Appeals "review[s] the 'district court's dismissal pursuant to its local rules for abuse of discretion. Only in rare cases will [the Court of Appeals] question the exercise of discretion in connection with the application of local rules.'" *Sekhon v. BAC Home Loans Servicing LP*, 11-57131, 2013 WL 857617, at *1 (9th Cir. Mar. 8, 2013) (quoting *Ghazali*, 46 F.3d at 53).

In *Ghazali*, the Ninth Circuit Court of Appeals upheld summary dismissal of a 42 U.S.C. § 1983 action for the failure to follow a Nevada district court local rule because the

*pro se* plaintiff failed to respond to the defendant's motion to dismiss. *Ghazali*, 46 F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to "constitute a consent to the granting of the motion." *Id*. (quoting D. Nev. R. 140-6). The Court reasoned that the dismissal was proper because the *pro se* plaintiff was bound by the rules of procedure, and was given notice of the motion and ample time to respond. *Id*. at 54 (citing King, 814 F.2d at 567).

Similar to the plaintiff in *Ghazali*, Plaintiff in this case is also a *pro se* litigant and has not responded despite receiving notice of Defendant's Motion to Dismiss (Doc. 11) which was issued over six months ago and Defendant's Motion for Summary Disposition which was issued over five months ago (Doc. 13). As noted in *Wanderer*, the first two factors—expeditious resolution and docket management—generally favor dismissal. *Wanderer*, 910 F.2d at 656. They weigh especially heavily here because of Plaintiffs' total failure to respond to Defendant's dispositive motion.

The third factor also favors dismissal. There is no risk of prejudice to Defendants to grant the motion.

While the public policy favoring resolution on the merits weighs against dismissal, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002), it is no more compelling here than it was in *Ghazali*. Further, in this case, Defendant asserts that dismissal would be appropriate based on the merits of Plaintiff's claims, and Plaintiff has failed to dispute this argument. Accordingly, this factor weighs only slightly against dismissal.

The final factor requires the Court to consider the availability of less drastic sanctions. Defendant has moved for the Court to dismiss the Complaint with prejudice. The Court could grant Defendant's motion without prejudice as a less drastic sanction. Plaintiff is a *pro se* litigant. Plaintiff has also been given ample time to respond to both of Defendant's motions or to move for an extension of time to file a response and has not done so. Thus, in weighing this last factor, the Court finds that dismissal without prejudice is the only acceptable less drastic sanction in this case.

In sum, the five-factor analysis supports dismissal of this case for failure to

respond to Defendant's motions.  The Court's decision to grant Defendant's motions in these circumstances is further supported by the fact that it is premised upon a local rule that expressly permits the Court to summarily grant unopposed motions.  *Ghazali*, 46 F.3d at 53 (quoting *Warren*, 601 F.2d at 474 ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.")).  Defendant's Motion to Dismiss and Motion for Summary Disposition will therefore be granted based on Plaintiff's failure to respond.  *See* LRCiv 7.2(i).

**III.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Disposition (Doc. 13) is also granted.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 16th day of August, 2013.

James A. Teilborg
Senior United States District Judge